## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHANNON L. POLLARD, | * | |
| *Plaintiff*, | * | |
| vs. | * | **Civ. Action No.: 11-cv-3559** |
| NATIONAL ENTERPRISE SYSTEMS, INC., | * | |
| | * | |
| and | * | |
| TONYA MAYS | * | |
| and | * | |
| JANE DOES 1-10, | * | |
| *Defendants*. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Shannon L. Pollard, ("Plaintiff"), by and through her attorney, E. David Hoskins and The Law Offices of E. David Hoskins, LLC, and for her Complaint against Defendants, National Enterprise Systems, Inc., Tonya Mays, and Jane Does 1-10, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. (hereinafter

"FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (hereinafter "MCPA").

2.      This action arises out of Defendants' illegal efforts to collect a consumer debt by making an unauthorized electronic funds transfer from a bank account not owned by the Plaintiff.

## JURISDICTION AND VENUE

3.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692$k$(d) and 28 U.S.C. § 1331.

4.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5.      Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to the claim occurred within this District. Additionally, Plaintiff resides in Baltimore City and within the District of Maryland.

## PARTIES

6.      Plaintiff is an individual who was at all relevant times residing in Baltimore City, Maryland.

7.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) of

the FDCPA, as she is a natural person allegedly obligated to pay a consumer debt and is a "person" as that term is defined by the MCDCA and the MCPA.

8.      Defendant, National Enterprise Systems, Inc., is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 29125 Solon Road, Solon, Ohio 44139-3442 and is authorized to do business in Maryland. The principal purpose of National Enterprise Systems, Inc.'s business is the collection of debts in this State. National Enterprise Systems, Inc. regularly attempts to collect debts alleged to be due another, and uses the United States Mail in furtherance of its collection of debts alleged to be due another.

9.      Defendant, Tonya Mays, is a citizen of a State other than Maryland and is an individual engaged in the business of collecting debts alleged to be due another in the State of Maryland, and uses the United States Mail in furtherance of her collection of debts alleged to be due another.

10.     Defendants Jane Does 1-10, are individuals whose identities are not known to the Plaintiff at this time (and may include the person identifying herself to Plaintiff as "Tonya Mays"), but which will become

known upon proper discovery.

11.    At all relevant times, Defendants National Enterprise Systems, Inc., Tonya Mays and Jane Does 1-10 acted as a "debt collector" within the meaning of 15 U.S.C. §1692$a$(6) of the FDCPA. Defendant National Enterprise Systems, Inc. held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.   Defendants Tonya Mays and Jane Does 1-10 each held herself out to be a debt collector.

12.    At all relevant times, Defendants National Enterprise Systems, Inc., Tonya Mays and Jane Does 1-10 acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

13.    The acts of Defendant, National Enterprise Systems, Inc. alleged herein were performed by its employees acting within the scope of their actual or apparent authority.

14.    At all relevant times each Defendant was the principal, agent, partner, affiliate, successor in interest or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Each Defendant acted pursuant

to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.    The Debt

15.    The Plaintiff allegedly incurred and later allegedly defaulted on a debt to the Sallie Mae Inc. Said alleged debt will hereinafter be referred to as "the subject debt."

16.    The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692$a$(5) of the FDCPA, as it allegedly arose out of a transaction in which, money, service or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

17.    The subject debt is a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA.

18.    That upon information and belief, Defendants were employed by Sallie Mae Inc. to collect the subject debt and began making telephone calls to the Plaintiff shortly thereafter.

19.    Defendants attempted to collect the subject debt and, as such engaged in "communications" as defined in 15 U.S.C. § 1692$a$(2) of the

FDCPA.

## B.  Defendants Have Engaged in Illegal Tactics

20.   At the time of the conduct alleged herein, Plaintiff was living paycheck to paycheck and was renting a room from Eric Straughen and his wife, Brandy Straughen.

21.   At the time of the conduct alleged herein, Plaintiff did not maintain a checking, savings or other bank account.

22.   On or about October 31, 2011, Defendant Tonya Mays initiated a telephone call to Plaintiff and left a voice mail message requesting that the Plaintiff return the phone call. Defendant failed to identify herself as a debt collector in the message and failed to disclose that the purpose of the phone call was an attempt to collect a debt.

23.   On October 31, 2011, Plaintiff placed a return phone call to Tonya Mays and engaged in a two way conversation.

24.   In the attempts to collect the aforementioned alleged debt on behalf of National Enterprise Systems, Inc. that followed, Tonya Mays used unfair or unconscionable collection means.

25.   Tonya Mays threatened the Plaintiff that unless the Plaintiff entered into an agreement to make an automatic payment of $200.00 followed by a second automatic payment of $1,290.00, National Enterprise

Systems, Inc. would bring a lawsuit and garnish the Plaintiff's wages.

26.    Plaintiff became concerned and distressed that the threatened garnishment would adversely affect her ability to pay the monthly rent she owed Eric and Brandy Straughen.

27.    On November 1, 2011, Plaintiff sought additional information about the repayment arrangement from Tonya Mays and was advised that the repayment plan required two (2) payments in the amounts of $200.00 and $1,290.00; that both payments had to be made by the end of November, 2011; and that the payments could only be made by an automatic withdrawal from a bank account or by providing a post dated check.

28.    Plaintiff was led to believe that if she did not agree to the automatic payment plan on the terms that Tonya Mays was demanding, that National Enterprise Systems, Inc. would immediately begin garnishing her wages.

29.    Believing this repayment plan to be her only option, and fearing that a garnishment would result in her losing her housing, Plaintiff asked Brandy Straughen if she would lend Plaintiff the initial $200.00 payment due on November 14, 2011, and provide Tonya Mays an authorization for the payment of that amount from the bank account jointly owned by Eric

and Brandy Straughen.

30.    Brandy Straughen agreed and spoke with Tonya Mays by telephone to authorize a single automatic payment of $200.00 to occur on November 14, 2011. Plaintiff was present during the conversation and heard Plaintiff Brandy N. Straughen state that the authorization was for a single payment of $200.00.

31.    Tonya Mays agreed to accept the single payment authorization and never stated to Brandy Straughen that Defendants would use her account for more than a single $200.00 payment. This conduct induced Brandy Straughen to provided Tonya Mays with confidential information about her bank account and an authorization for an automatic payment from the account.

32.    Tonya Mays never explained that under the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.*, Brandy Straughen had the right to cancel the authorization for an electronic payment for up to three days prior to the transfer or that this cancellation could be oral or in writing.

33.    Later on November 1, 2011, Tonya Mays sent a letter to Plaintiff purporting to confirm a repayment arrangement that required Plaintiff to make an initial automatic payment of $200.00 on November 14, 2011 and a second automatic payment of $1,290.00 on November 28, 2011.

34.     On November 14, 2011, Defendants withdrew $200.00 from the bank account owned by Eric and Brandy Straughen.

35.     On November 18, 2011, Tonya Mays sent Plaintiff a letter advising that an automatic withdrawal in the amount of $1,290.00 would take place on November 28, 2011 and "will be deposited as directed by you." Plaintiff telephoned Tonya Mays to explain that she did not have the money and to request additional time to arrange for the second payment. Tonya Mays agreed to extend the due date for the second payment to November 30, 2011.

36.     On November 30, 2011, Tonya Mays called Plaintiff to check on the status of the payment. When Plaintiff advised Tonya Mays that she could not make the payment, Tonya Mays stated that unless the payment was made, National Enterprise Systems, Inc. would withdraw the amount from the bank account from which the $200.00 automatic payment had been made.

37.     After receiving this threat, Plaintiff became extremely distressed and reminded Tonya Mays that the account belonged to Eric and Brandy Straughen and that National Enterprise Systems, Inc. had never been authorized to withdraw the second payment from that account.

38.     Despite being reminded of this, Tonya Mays stated that

National Enterprise Systems, Inc. would go ahead with the withdrawal from the bank account owned by Eric and Brandy Straughen unless Plaintiff arranged another manner to make the second payment.

39.   Later that day, Tonya Mays placed three phones calls to Plaintiff, but did not leave a message. These calls occurred at 1:48 P.M., 2:30 P.M. and 8:44 P.M.

40.   On December 1, 2011, Tonya Mays and National Enterprise Systems, Inc., acting with actual malice and fraudulent intent, placed an unauthorized electronic fund transfer request which resulted in an illegal withdrawal of $1,290.00 from the bank account owned by Eric and Brandy Straughen.

41.   At no time prior to this action did Tonya Mays or National Enterprise Systems, Inc. notify Eric and Brandy Straughen in writing of the debt collector's intent to make this withdrawal. This failure constitutes a direct and intentional violation of 15 U.S.C. § 1692*f*(2)

42.   After discovering the unauthorized withdrawal on December 1, 2011, Eric Straughen telephoned and spoke with Tonya Mays. During the telephone conversation, Eric Straughen advised Tonya Mays that the withdrawal of $1,290.00 had not been authorized and demanded that the funds be immediately returned. Tonya Mays refused to discuss the matter

and rudely hung up on Eric Straughen.

43.    Despite the demand by Eric Straughen, National Enterprise Systems, Inc. has refused to return the funds.

### C.    Plaintiff Suffered Actual Damages

44.    As a result of Defendants' acts, Plaintiff has been humiliated in front of Eric and Brandy Straughen and has become distressed that she will lose her housing.

45.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress, humiliation and fear of homelessness.

### COUNT I
### Violation of the Fair Debt Collection Practices Act
### 15 USC 1692, *et. seq.*

46.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

47.    As alleged above, in its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA by using unfair or unconscionable means to collect or attempt to collect at debt in violation of 15 U.S.C. § 1692*f*.

48.    As a direct consequence of the Defendants' acts, practices and

conduct, the Plaintiff suffered and continues to suffer from emotional distress, humiliation and fear of homelessness.

## COUNT II
### Violation of the Maryland Consumer Debt Collection Act
### Md. Code Ann., Com. Law, § 14-201, *et seq.*

49.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

50.    Plaintiff incurred a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the MCDCA.

51.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations the MCDCA, Md. Code Ann., Com. Law. §14-201, *et seq.*

52.    As a result of Defendants' violations of the MCDCA, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to Md. Code. Ann., Com. Law. §14-203 from Defendants.

## COUNT III
### Violation of the Maryland Consumer Protection Act
### Md. Code Ann., Com. Law, § 13-101, *et seq.*

53.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth

herein.

54.    The foregoing acts and omissions of Defendants constitute a violation of the MCPA as unfair and deceptive trade practices.

55.    As a result of Defendants' violation of the MCPA, Plaintiff has suffered an injury or loss and is entitled to actual damages and attorneys fees pursuant to Md. Code Ann., Com. Law §13-408.

WHEREFORE, Plaintiff, Shannon L. Pollard, respectfully prays for a judgment against Defendants, jointly and severally, as follows:

a.    Actual damages pursuant to 15 U.S.C. § 1692$k$(a)(1); Md. Code. Ann., Com. Law. §14-203; and Md. Code Ann., Com. Law §13-408 in the amount of $50,000.00;

b.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code Ann., Com. Law §13-408; and

d.    For such other and further relief as may be just and proper.

## JURY DEMAND

Pursuant to Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff

prevail on any of her claims in this action.

Respectfully Submitted,


_____ /s/ E. David Hoskins___
E. David Hoskins, Bar No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
(410) 662-7800 (Fax)
dhoskins@hoskinslaw.com